No. 2552

Second Circuit

---

## ALPHONSE BRENNER CO. v. WILLIAMS

---

(May 22, 1928. Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Chattel Mortgages— Par. 5; Registry—Par. 11.**

Where the preponderance of evidence shows that the mortgagee was instrumental in having the chattel mortgage withheld from the record, he cannot recover for the resulting loss.

Appeal from the First Judicial District Court for the Parish of Caddo. Hon. T. F. Bell, Judge.

Action by Alphonse Brenner Company, Inc., against S. O. Williams.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Cook & Cook, of Shreveport, attorneys for plaintiff, appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for defendant, appellee.

WEBB, J. The plaintiff, Alphonse Brenner Company, Inc., sold to John W. Butler, a deputy clerk of the defendant District Clerk and ex-officio Recorder of Caddo Parish, a bill of furniture, and to secure the balance of the purchase price Butler drafted a chattel mortgage and notes for the balance due which were signed by Butler before V. G. Simmons, another deputy clerk.

The notes were transferred by plaintiff to Wiener-Hodges-Smith Company, Inc., and not being paid, the latter company, in preparing to issue executory process against Butler, ascertained that the chattel mortgage had not been recorded, and the furniture having been placed in premises leased by Butler it was found that a lessor's privilege amounting to one hundred eighty dollars had attached to the furniture and it became necessary for plaintiff to protect the notes, to pay off the lessor's privilege, repurchase the notes and pay the cost of the action instituted by Wiener-Hodges-Smith Company, Inc., and plaintiff instituted this action to recover the amount so paid from the defendant Williams.

The defense set up by defendant was that plaintiff had requested V. G. Simmons, deputy clerk, before whom the mortgage was signed, not to record the same, and that plaintiff took the mortgage with him and did not return it, and on trial the defense set up was maintained, and judgment rendered rejecting plaintiff's demands, from which it appeals.

The question presented is purely one of fact, and the testimony of V. G. Simmons and the representative of plaintiff who handled the transaction, is directly in conflict, and the grounds upon which it is urged that the judgment is erroneous, is apparently that the burden of proof was upon defendant, and that he had not discharged it by a fair preponderance of the evidence.

The evidence shows, however, that the chattel mortgage was drafted in duplicate by Butler, and that one was retained by him and one was held by the deputy clerk and delivered by him to plaintiff, and the evidence clearly shows that the one retained by Butler was not to be filed.

The transaction was had a considerable time prior to the date of the trial, and the testimony of the parties was naturally not definite as to the details, but on behalf of the defendant there is the positive testimony of the deputy clerk who had charge of the transaction, who stated that plaintiff's representative had requested him not to record the instrument, and affirmative evidence showing that the instrument, which was the original and the one to be recorded, if any, had been delivered to the plaintiff together with the notes at the time plaintiff's representative claimed to have accepted the mortgage, and the evidence not indicating that plaintiff could have expected that the instrument had been recorded prior to his acceptance, we think that the preponderance of the evidence supported the defense, although the representative of the plaintiff was positive in denial of the officer's statement as to having requested that the instrument should not be recorded.

The plaintiff does not occupy the position of an innocent transferee of the notes where it was a party or instrumental in having the mortgage withheld from the record, and finding that the preponderance of the evidence shows that it was instrumental in having the mortgage withheld from the record, it cannot recover for the resulting loss, and the judgment appealed from is affirmed.